# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:15-cv-06259-MWF-KES                  Date: June 27, 2019

Title: ROBERT VOSKANYAN v. LOS ANGELES SHERIFFS DEPARTMENT, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order to Show Cause Why Sanctions Should Not Be Imposed for Failure to Comply with Court Order

## I. Introduction.

On May 28, 2019, the Court issued a Case Management and Scheduling Order, lifting the stay that was imposed as the parties engaged in a settlement conference, describing pending issues, and setting deadlines. (Dkt. 239.) As relevant here, the Court ordered:

- "The seventeen Defendants served by the Marshal shall file notices of joinder [to the Answer] or other responses within twenty-one days, i.e., on or before **June 14, 2019**. The five Defendants served via CM/ECF shall do so within sixty days of the date of service, i.e., on or before **June 25, 2019** (or July 1, 2019 for Defendant Pryor)." (Id. at 2.)

- "There are ongoing disputes related to (A) video footage that has been subpoenaed, and (B) video footage that has not been subpoenaed, but that defense counsel has represented it would investigate. There are several lingering issues, set forth below, that defense counsel should address on or before **June 24, 2019**." (Id.)

Defense counsel has not submitted any filings in response to the Order. The Court therefore orders defense counsel to show cause why sanctions should not be imposed for failure to meet deadlines and comply with Court orders.

## II. Relevant Law.

In addition to the authority expressly stated in the Federal Rules of Civil Procedure, federal courts enjoy certain inherent powers "necessary to the exercise of all others." Roadway Express, Inc. v Piper, 447 US 752, 764 (1980); Chambers v NASCO, 501 US 32, 43-44 (1991). Courts may impose sanctions under their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[1] In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1066 (N.D.Cal. 2006) (quoting Chambers, 501 U.S. at 43).

A party may be subject to sanctions when it has "engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). "[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012).

Under their inherent authority, courts have broad discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44-45. "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001). "In cases where the drastic sanctions of dismissal or default are ordered, the range of discretion for a district court is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

## III. Conclusion.

The Court orders defense counsel to show cause why sanctions are not warranted for failure to comply with the Court's May 28, 2019 order (Dkt. 239). To discharge this Order, defense counsel shall submit briefing **on or before July 26, 2019**, showing that it has not willfully violated the Order or acted in bad faith. If it fails to file this briefing or fails to make the requisite showing, then the Court may impose sanctions as appropriate.

Initials of Deputy Clerk: DV

---

[1] Courts also have the power to sanction for the spoliation of evidence and for discovery violations under Federal Rule 37. See Fed. R. Civ. P. 37; In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060 (N.D.Cal. 2006). This order concerns failure to comply with Court-ordered deadlines. Any sanctions warranted for failure to preserve the requested videotapes and/or to produce subpoenaed materials may be addressed separately, as appropriate.