Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Defendants,
DEPUTY UPCHURCH, DEPUTY ZUNIGA,
LT. MOSQUERA, SHERIFF JIM McDONNELL
(erroneously sued as Chief J. McDonnel),
DEPUTY F. ABRIL, DEPUTY J. SANFORD,
DEPUTY M. TRIMBLE II, NURSE F. MOSCOSO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VOSKANYAN,<br><br>Plaintiffs,<br><br>vs.<br><br>L.A. SHERIFFS et al.<br><br>Defendants | Case No.: CV 15-6259 MWF (KES)<br><br>ANSWER TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Defendants DEPUTY UPCHURCH, DEPUTY ZUNIGA, LT. MOSQUERA, SHERIFF JIM McDONNELL (erroneously sued as Chief J. McDonnell), DEPUTY F. ABRIL, DEPUTY J. SANFORD, DEPUTY M. TRIMBLE II, NURSE F. MOSCOSO (hereinafter "County Defendants"), and

hereby answer each allegation against them, in Plaintiff's Fourth Amended Complaint, as follows:

1. In response to Paragraph 1 of Plaintiff's Fourth Amended Complaint, based on the allegations in the Fourth Amended Complaint, defendants admit that jurisdiction is proper.

2. In response to Paragraph 2 of Plaintiff's Fourth Amended Complaint, based on the allegations in the Fourth Amended Complaint, defendants admit that venue is proper.

3. In response to Paragraph 3 of Plaintiff's Fourth Amended Complaint, Defendants agree that plaintiff was incarcerated in Los Angeles County during the time period in question.

4. In response to Paragraph 4 of Plaintiff's Fourth Amended Complaint, defendants agree that Jim McDonnell is the Sheriff of Los Angeles County and is properly trained.

5. In response to Paragraph 5 of Plaintiff's Fourth Amended Complaint, Defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

6. In response to Paragraph 6 of Plaintiff's Fourth Amended Complaint, defendants agree that Lt. Mosquera was employed by the Sheriff's

Department at the time of the events alleged in the Fourth Amended Complaint.

7. In response to Paragraph 7 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

8. In response to Paragraph 8 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

9. In response to Paragraph 9 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

10. In response to Paragraph 10 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

11. In response to Paragraph 11 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny

this allegation, and on that basis, denies each allegation contained therein.

12. In response to Paragraph 12 of Plaintiff's Fourth Amended Complaint, defendant agree that Deputy Abril was employed by the Sheriff's Department at the time of the events alleged in the Fourth Amended Complaint.

13. In response to Paragraph 13 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

14. In response to Paragraph 14 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

15. In response to Paragraph 15 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

16. In response to Paragraph 16 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny

this allegation, and on that basis, denies each allegation contained therein.

17. In response to Paragraph 17 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

18. In response to Paragraph 18 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

19. In response to paragraph 19 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

20. In response to paragraph 20 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

21. In response to Paragraph 21 of Plaintiff's Fourth Amended Complaint, defendant agree that Deputy Trimble was employed by the Sheriff's Department at the time of the events alleged in this lawsuit.

22. In response to Paragraph 22 of Plaintiff's Fourth Amended Complaint, defendants agree that Deputy Zuniga was employed by the Sheriff's Department at the time of the events alleged in this lawsuit.

23. In response to Paragraph 23 of Plaintiff's Fourth Amended Complaint, defendants agree that Deputy Upchurch was employed by the Sheriff's Department at the time of the events alleged in this lawsuit.

24. In response to Paragraph 24 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

25. In response to Paragraph 25 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

26. In response to Paragraph 26 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny

this allegation, and on that basis, denies each allegation contained therein.

27. In response to Paragraph 27 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

28. In response to Paragraph 28 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

29. In response to Paragraph 29 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

30. In response to paragraph 30 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

31. In response to paragraph 31 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny

this allegation, and on that basis, denies each allegation contained therein.

32. In response to paragraph 32 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

33. In response to paragraph 33 of Plaintiff's Fourth Amended Complaint, defendants agree that Moscoso was employed by the County of Los Angeles at the time of the events alleged in the Fourth Amended Complaint.

34. In response to paragraph 34 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

35. In response to paragraph 35 of Plaintiff's Fourth Amended Complaint, defendants have insufficient information with which to admit or deny this allegation, and on that basis, denies each allegation contained therein.

36. In response to paragraph 36 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

37. In response to paragraph 37 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

38. In response to paragraph 38 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

39. In response to paragraph 39 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

40. In response to paragraph 40 of Plaintiff's Fourth Amended Complaint, defendants agree that Mr. Voskanyan was arrested and booked into the Los Angeles County Jail, and during a portion of his time there he was housed on the 5600 floor, which includes a booth and cameras. Defendants deny the remaining allegations.

41. In response to paragraph 41 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

42. In response to paragraph 42 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

43. In response to paragraph 43 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

44. In response to paragraph 44 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

45. In response to paragraph 45 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

46. In response to paragraph 46 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

47. In response to paragraph 47 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

48. In response to paragraph 48 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

49. In response to paragraph 49 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

50. In response to paragraph 50 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

51. In response to paragraph 51 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

52. In response to paragraph 52 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

53. In response to paragraph 53 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

54. In response to paragraph 54 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

55. In response to paragraph 55 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

56. In response to paragraph 56 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

57. In response to paragraph 57 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

58. In response to paragraph 58 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

59. In response to paragraph 59 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

60. In response to paragraph 60 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

61. In response to paragraph 61 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

62. In response to paragraph 62 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

63. In response to paragraph 63 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

64. In response to paragraph 64 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

65. In response to paragraph 65 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

66. In response to paragraph 66 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

67. In response to paragraph 67 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

68. In response to paragraph 68 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

69. In response to paragraph 69 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

70. In response to paragraph 70 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

71. In response to paragraph 71 of Plaintiff's Fourth Amended Complaint, defendants deny each and every allegation contained therein.

In addition to the preceding Answers and/or Responses to the specific allegations in Plaintiff's Fourth Amended Complaint, defendants further raise the following affirmative defenses:

# FIRST AFFIRMATIVE DEFENSE

# FAILURE TO STATE A CAUSE OF ACTION

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege that the Fourth Amended Complaint herein fails to state facts sufficient to constitute a cause of action against these defendants; or, in the alternative, that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

# SECOND AFFIRMATIVE DEFENSE

# DEFENSE OF LIMITATIONS

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint, and each cause of action thereof, defendants allege that the time alleged in said complaint demonstrates that this action was not brought within the requisite statutory period.

# THIRD AFFIRMATIVE DEFENSE

# CONTRIBUTORY NEGLIGENCE

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint, and each cause of action thereof, defendants allege that damages sustained by Plaintiff, if any, were legally caused and/or contributed to by Plaintiff's own acts, omissions, negligence and/or failure to take reasonable and

necessary actions to eliminate, mitigate, lessen, reduce and/or minimize such damages, thus barring or reducing Plaintiff's recovery.

## FOURTH AFFIRMATIVE DEFENSE

## ACTIONS OF OTHERS

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint, and each cause of action thereof, defendants allege that the injuries alleged by Plaintiff, if any, were legally caused by the negligence and/or conduct of other persons or entities, and these Answering Defendants request that an allocation of such negligence and liability be made among other persons or entities, and that if any liability is found on the part of these Answering Defendants, judgment against said Defendants only be in the amount which is proportionate to the extent and percentage by which these Answering Defendants' actual omission contributed to Plaintiff's injuries or damages.

## FIFTH AFFIRMATIVE DEFENSE

## NOT IN SCOPE OF EMPLOYMENT

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, Answering Defendants allege, without admitting any facts contained within the subject complaint, the individuals identified by Plaintiff as involved in the alleged improper conduct were not acting within the course and scope of any employment or agency with these Answering

Defendants at the time of the subject incident(s) and, therefore, these Answering Defendants are not responsible nor liable for the alleged wrongful conduct.

## SIXTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each cause of action thereof, defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of his failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

## IMMUNITY

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each cause of action thereof, defendants allege that, pursuant to Federal and State law and decisional authority, defendants are immune from the claims, causes of action and allegations of plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

## QUALIFIED IMMUNITY

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each cause of action thereof, defendants allege that, pursuant to Federal and State law and decisional authority, defendants have qualified immunity from the claims, causes of action and allegations of plaintiffs.

# NINTH AFFIRMATIVE DEFENSE

# STATUTE OF LIMITATIONS

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege that the action is barred by the provisions of the Code of Civil Procedure, Section 340(3), 340.5, 364(a) and Government Code Sections 900 et seq., including Sections 911.2 and 945.6, and limitation periods applicable to federal civil rights claims.

# TENTH AFFIRMATIVE DEFENSE

# GOV'T TORT CLAIMS ACT REQUIREMENTS

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege to the extent plaintiff attempts to please any state claims, that said claims are barred due to the failure to comply with Government Tort Claims presentation requirements, including Government Code, Sections 911.2, 911.4, 945.4, and/or 946.6.

# ELEVENTH AFFIRMATIVE DEFENSE

# MICRA

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege at the time of trial, Defendants may elect to limit or diminish Plaintiff's alleged damages or losses as provided and authorized by California Civil Code, Section 3333.1, California Civil

Code, Section 3333.2 and California Code of Civil Procedure, Section 667.7, to the extent plaintiff attempts to plead any such claims.

## TWELTH AFFIRMATIVE DEFENSE

## STATE TORT CLAIMS ARE BARRED

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege, that to the extent plaintiff attempts to plead any state tort claims, such matters are barred by Part 2, Chapter 5 of the Tort Claims Act, including specifically, Government Code, Sections 818.8, 820.2, 821.6, 854.8., 855.8, 856, as well as Welfare & Institutions Code, Section 5278.

## THIRTEENTH AFFIRMATIVE DEFENSE

## DEFENDANTS CONDUCT WAS REASONABLE, LAWFUL AND JUSTIFIED

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege that their conduct was reasonable, lawful and justified under the circumstances, and they acted appropriately.

## FOURTEENTH AFFIRMATIVE DEFENSE

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

As a further, separate and affirmative defense to Plaintiff's Fourth Amended Complaint and each of action thereof, defendants allege that plaintiff has failed to

exhaust his administrative remedies, a prerequisite to maintaining the claims within this Third Amended Complaint.

WHEREFORE, these Answering Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;

2. That this action be dismissed;

3. That Defendants be awarded its costs of suit herein; and,

4. For such other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. Section 1988, and that if these Answering Defendants are found liable, the degree of responsibility and liability for the resulting damage be determined so that Defendants may be held liable only for that portion of the total damage in proportion to its liability for same.

DATED: October 22, 2018                MONROY, AVERBUCK & GYSLER

                                           *Jennifer E. Gysler*             .
JENNIFER E. GYSLER
Attorneys for Defendants
UPCHURCH, ZUNIGA, MOSQUERA
SHERIFF JIM McDONNELL,
DEPUTY F. ABRIL, DEPUTY J. SANFORD,
DEPUTY M. TRIMBLE II,
NURSE F. MOSCOSO

## REQUEST FOR JURY TRIAL

Defendants hereby request a Trial by jury.

DATED: October 22, 2018    MONROY, AVERBUCK & GYSLER

*Jennifer E. Gysler*.
JENNIFER E. GYSLER
Attorneys for Defendants
UPCHURCH, ZUNIGA, MOSQUERA
SHERIFF JIM McDONNELL,
DEPUTY F. ABRIL,
DEPUTY J. SANFORD,
DEPUTY M. TRIMBLE II,
NURSE F. MOSCOSO