Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Defendants,
DEPUTY UPCHURCH, DEPUTY ZUNIGA,
LT. MOSQUERA, SHERIFF JIM McDONNELL
(erroneously sued as Chief J. McDonnel),
DEPUTY F. ABRIL, DEPUTY J. SANFORD,
DEPUTY M. TRIMBLE II, NURSE F. MOSCOSO;
LT. A. SALINAS, SGT. GASATAYA, SGT. R.
GARCIA, SGT. J. MORALES,
SGT. ROBERT THOMPSON (erroneously sued as
"Sgt. Toms"); DEPUTY M. ENRIQUEZ, JR.,
DEPUTY J. GARIBAY, DEPUTY D. HAAS,
DEPUTY A. INES, DEPUTY J. LEW,
DEPUTY RODRIGUEZ, DR. N. TEOPHILOV,
DR. B. FELAHY, DR. S. LITTLE, DR. A. PRYOR,
DR. Y. SILVANSKAYA, DR. K. VIVO,
DR. P. ZOLNOUNI, NURSE J. ANDERSON,
NURSE O. LUNA, NURSE B. MENEFEE,
NURSE C. TUTT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT VOSKANYAN, | ) Case No.: CV 15-6259 MWF (KES) |
| Plaintiffs, | ) OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION |
| vs. | ) DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY |
| L.A. SHERIFFS et al. | ) JUDGMENT [Doc. 339] |
| Defendants | ) |

County Defendants object to those portions of the Magistrate's Report and Recommendations which deny County Defendants' Motion for Summary Judgment.

Of significance is that this Motion for Summary Judgment was **unopposed** by the plaintiff, who had requested and received many extensions to file opposition, but ultimately did not do so.  In most circumstances, an opposition is filed, objections raised, and the defense is then afforded an opportunity to file a Reply Brief and response to the evidentiary objections raised in the opposition.  Since no opposition was filed, defendants could not file a Reply Brief and were not aware of any evidentiary objections to the evidence submitted, which include jail medical records, an incident report, and the declaration of Dr. Teophilov, a Chief Physician who provided administrative and medical services to the jail and jail inmates.

In the Report and Recommendation, Magistrate Judge Karen Scott declined to consider the plaintiff's jail medical records and the declaration of Dr. Teophilov on the basis that the medical records were not properly authenticated and Dr. Teophilov could not be considered a medical expert. [Doc. 339, #6360, lines 5-9]. Under normal circumstances, the defendants we would have had the opportunity to file a Reply brief addressing these issues and remedying any such evidentiary defects.  In this highly unusual instance, the defense did not have the opportunity to

do so since they were raised for the first time by the Report and Recommendation of Magistrate Judge Karen Scott.

**Relief sought:**  The defense requests that the Court accept the jail medical records as genuine as is normally done in similar motions.  Moreover, the defense asserts the complete exclusion of Dr. Teophilov's declaration regarding the appropriateness and extent of medical care provided to plaintiff, is not only erroneous but also unfair.

The Report and Recommendation seems to opine that since Dr. Teophilov only saw the patient "on only one instance" (Doc. 339, #6363, lines 12-13), the the Declaration of Dr. Teophilov is only comprised of a summary of the plaintiff's medical records.  Attached hereto as Exhibit 1 if an example of Dr. Teophilov's role as the Chief Physician for Correctional Health Services ("CHS") by the County of Los Angeles.  Exhibit 1 is found in the records as part of multiple voluminous exhibits to plaintiff's Fourth Amended Complaint. (Doc. 155-6, page #2638).  This entry clearly delineates how he performs that role and his active involvement in the treatment of inmates, such as the plaintiff.  This is also reflected in the Dr. Teophilov's declaration filed in support of defendants' motion for summary judgment, paragraph 85. (Doc. 321-13).

Further that any statements by plaintiff contained in his criminal case or in his verified Fourth Amended Complaint, be excluded from consideration to the

1  extent plaintiff asserts he was denied proper medical care as he is a layperson and

2  as such, his assertions are opinion testimony and therefore inadmissible.

3          These objections are respectfully submitted for the Court's consideration.

4

5  DATED: March 1, 2021                    MONROY, AVERBUCK & GYSLER

6

7                                          _Jennifer E. Gysler_____.

8                                          JON F. MONROY
                                           JENNIFER E. GYSLER
9                                          Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# TABLE OF CONTENTS

**Page**

**1.**  THE COURT HAS THE AUTHORITY TO ACCEPT AS
     GENUINE, THE PLAINTIFF'S JAIL MEDICAL RECORDS.        8

2.  DR. TEOPHILOV HAS SUFFICIENT KNOWLEDGE AND
     EXPERIENCE TO BE A MEDICAL EXPERT AND TO
     AUTHENTICATE THE JAIL MEDICAL RECORDS TO THE
     EXTENT IT IS NECESSARY.                               11

3.  PLAINTIFF'S STATEMENTS IN HIS VERIFIED
     COMPLAINT AND/OR CRIMINAL CASE CANNOT BE
     USED TO REFUTE DR. TEOPHILOV'S OPINION THAT
     APPROPRIATE MEDICAL CARE WAS PROVIDED.                16

4.  JUDICIAL ECONOMY AND PRACTICALITY URGE THE
     CONSIDERATION OF THE PLAINTIFF'S JAIL MEDICAL
     RECORDS AND THE DECLARATION OF DR. TEOPHILOV
     TO RESOLVE ISSUES ON THE RECORD WHERE
     POSSIBLE.                                             18

# TABLE OF AUTHORITIES

**Statutes**                                                                **Page**

*Federal Rule of Evidence, Section 901(b)(4)*                                 10

**Decisional Authority**

*Abdullah v. CDC, No. CIV S-06-2378 MCE JFM P, 2010 WL4813572*
  *(E.D.Cal. Nov. 19, 2010)*                                                  10

*Barthelemy v. Air Line Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (per*
*curiam)*                                                                     16

*Burch v. Regents of University of California, 433 F.Supp.2d 1110 (2006)*     10

*Brown v. Kyle, No. 1:04-cv-06539-AWI-SKO PC*
*(E.D. Cal. Aug. 2, 2011)*                                                    11,17

*Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998)*                16

*Johnson v. Roche, No. CIV S-06-1676 GEB EFB P, 2009 WL 720891,*
  *(E.D.Cal. Mar. 13, 2009)*                                                  10

*Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004)*                          16

*Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167,*
  *142 L.Ed.2d 238 (1999)*                                                    13

*Las Vegas Sands, LLC v. Nehme 632 F.3d 526*                                  10

*Barry G. Lew,M.D. v. Kona Hospital, 754 F.2d 1420*                           16

*Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000)*                    16

*McElyea v.Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam)*        16

*Mettias v. United States, Civ. No. 12-00527 ACK-KSC*
  *(D. Haw. Jan. 15, 2015)*                                                   14

*Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006)*                        16

*Mukhtar v. Cal. State Univ.*, <u>299 F.3d 1053, 1064</u> (9th Cir.2002)      13

*Orr v. Bank of America Nt & Sa, 285 F.3d 764*      10

*Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2009 WL 3088331*
    *(E.D.Cal. Sept. 22, 2009)*      10

*Sea-Land Service Inv. V. Lozen Intern LLC 285 .3d 808 (9th Cir. 2002)*      16

*Schroeder v. McDonald, 55 F.3d 454, 460 n.11 (9th Cir. 1995)*      16

*Sullivan v. United States Dep't of the Navy, 365 F.3d 827, 834*
    *(9th Cir. 2004).*      14

U.S. v. Sandoval-Mendoza, 472 F.3d 645, 655 (9th Cir. 2006)      13,14

*Sea-Land Service, Inc. v. Lozen Intern, LLC,285 F.3d 808, 819*
    *(9th Cir. 2002).*      17

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  THE COURT HAS THE AUTHORITY TO ACCEPT AS**

**GENUINE, THE PLAINTIFF'S JAIL MEDICAL RECORDS.**

In the Report and Recommendations (Doc.339), the Court summarily rejects almost the entirety of the evidence submitted by defendants in their motion for summary judgment.  Notably, the Court finds that the plaintiff's jail medical records are not authenticated are therefore **not** considered in the Court's analysis. However, decisional authority provides that the Court **can accept the genuineness** of plaintiff's jail medical records.

In the Report, the Court finds: "The witnesses or persons certifying the records need not have any knowledge of the record itself or the events it describes; they need only provide the bare bones information required by subsections (A) through (C)." 30 Fed. Prac. & Proc. Evid. § 6631 (2d ed.). Instead, "[a]ll that is required is that the testifying witness be familiar with the record keeping system of which the proffered document is a part."  [Doc. 339, #6359, lines 7-12].  The Court rejects the declaration of counsel that the records are kept in the ordinary course of business.  [Doc. 339, #6359, lines 19-25].  Surprisingly, the Court also rejects the declaration of Dr. Teophilov because it concludes that he "…merely attested that he had "reviewed" medical records provided to him. (Dkt 321-13 "Teophilov Decl." para. 1-3). Nor did he assert facts demonstrating his familiarity with the

medical record keeping system or vouch that the requirements of Rule 803(6)(A)-(C) have been met." [Dec. 339, #6359:27-6360:2].However, Dr. Teophilov does indeed state that he is familiar with the medical records system in his declaration. He states in paragraph one:  *I am licensed as a physician in the State of California, and I am board certified in internal medicine.  **I am employed as a Chief Physician for Correctional Health Services ("CHS") by the County of Los Angeles.  In addition to my management and administrative duties, I also participate directly in the delivery of health care services and I review the medical records of patients in the care of CHS staff.** " [emphasis added].*

Dr. Teophilov sets forth that he is the Chief Physician at the jail medical department (Correctional Health Services), has managerial and administrative duties, sees patients, **and** reviews the medical records of patients at the jail.  He is in the best position to authenticate the records and does so throughout his declaration.

Secondarily, the Court has the authority to accept the jail medical records as genuine.  Indeed, Plaintiff himself attaches the medical records to his verified Fourth Amended Complaint.  There have not been any disputes regarding the genuineness of plaintiff's jail medical records.  Pertinent decisional authority supports the proposition that the Court can deem them genuine:  '…an inquiry into authenticity concerns the genuineness of an item of evidence, not its

admissibility, <u>Orr</u>, <u>285 F.3d at 776</u>, and documents may be authenticated by review of their contents if they appear to be sufficiently genuine, <u>Las Vegas Sands, LLC</u>, <u>632 F.3d at 533</u> (citing <u>Orr</u>, <u>285 F.3d at 778</u> n.24) (quotation marks omitted). No suggestion was made that these documents are not official prison records from Plaintiff's file(s). The characteristics of the records themselves in terms of appearance, contents, and substance lead the Court to conclude easily that the documents have been authenticated by their distinctive characteristics and that they are what they appear to be: official prison records. <u>Fed. R. Evid. 901(b)(4)</u>; <u>Las Vegas Sands, LLC</u>, <u>632 F.3d at 533</u>; <u>see also Abdullah v. CDC</u>, No. CIV S-06-2378 MCE JFM P, 2010 WL4813572, at *3 (E.D.Cal. Nov. 19, 2010) (finding an objection for lack of foundation and authentication unavailing where the records were from the plaintiff's prison file and they were created and maintained by prison officials); <u>Sanchez v. Penner</u>, No. CIV S-07-0542 MCE EFB P, 2009 WL 3088331, at *5 (E.D.Cal. Sept. 22, 2009) (overruling lack of foundation and proper authentication objections to prison medical records submitted by the plaintiff); <u>Johnson v. Roche</u>, No. CIV S-06-1676 GEB EFB P, 2009 WL 720891, at *6 (E.D.Cal. Mar. 13, 2009) (overruling lack of foundation and proper authentication objections to prison records); <u>Burch</u>, <u>433 F.Supp.2d at 1119</u> (overruling objections to the introduction of documentary

evidence where the defendants did not actually dispute the authenticity of them and

where the plaintiff would be able to authenticate them at trial).

*Brown v. Kyle*, No. 1:04-cv-06539-AWI-SKO PC, at *4-5 (E.D. Cal. Aug. 2, 2011)

Although the Court summarily dismisses the importance of the medical

records, they go to the heart of plaintiff's claim he was denied medical care or did

not receive proper medical care.  The medical records are replete with entries

concerning medical care, diagnostic studies and repeated efforts to treat the

numerous medical complaints by Mr. Voskanyan while he was incarcerated at the

jail.

## 2.    DR. TEOPHILOV HAS SUFFICIENT KNOWLEDGE AND
##        EXPERIENCE TO BE A MEDICAL EXPERT AND TO
##        AUTHENTICATE THE JAIL MEDICAL RECORDS TO THE
##        EXTENT IT IS NECESSARY.

A declaration was submitted by a physician, Dr. Teophilov, in support of

defendants' motion for summary judgment.  The Court recommends in its Report

that it not be considered.  (Doc.339, page 6363)  In the very first portion of the

declaration of Dr. Teophilov, he states:

*I am a party to the within action.  If called upon to do so I could and would*
*competently testify to the following facts which are within my own personal*
*knowledge as follows:*

*1.      I am licensed as a physician in the State of California, and I am board certified in internal medicine.  I am employed as a Chief Physician for Correctional Health Services ("CHS") by the County of Los Angeles.  In addition to my management and administrative duties, I also participate directly in the delivery of health care services and I review the medical records of patients in the care of CHS staff.*

[Declaration of Dr. Teophilov, Doc. 321-13 "Teophilov Decl." ].

These initial paragraphs are important because they establish his medical credentials, i.e. that he is a licensed physician and is board certified in internal medicine.  Further, paragraph one established that Dr. Teophilov works for Correctional Health Services which provides medical care to jail inmates, and is a Chief Physician there.  He not only has management and administrative duties but also renders health care directly to the inmates including Mr. Voskanyan.  Lastly, he regularly reviewed the medical records of patient in the care of the CHS staff.  These statements demonstrate Dr. Teophilov's knowledge of the health care system at the jail, the delivery of health care services to inmates, and his oversight in terms of reviewing charts and making chart entries himself.  All of this should be sufficient to establish the requisite foundation of his medical expertise in this area, i.e. the provision of medical services to jail inmates and the records that reflect the services provided.

Dr. Teophilov then meticulously goes on to summarize the considerable medical care provided to the plaintiff as reflected in the jail medical records, along with his own entry, and soundly refutes the contention by plaintiff that he was not provided medical care  [Declaration of Dr. Teophilov, Doc. 321-13].

Decisional authority allows this Court to accept the reliability of Dr. Teophilov's declarative testimony as to the extent of medical services provided to the plaintiff.  See U.S. v. Sandoval-Mendoza, 472 F.3d 645, 655, n.41 (9th Cir. 2006), citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 142 L.Ed.2d 238 (1999); *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir.2002) ("A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability.") (citation omitted).

"When evaluating specialized or technical expert opinion testimony, "the relevant reliability concerns may focus upon personal knowledge or experience." Because medical expert opinion testimony "is based on specialized as distinguished from scientific knowledge, the *Daubert* factors are not intended to be exhaustive or unduly restrictive."" *U.S. v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006).  In the *U.S. v. Sandoval-Mendoza case, supra.*, the trial court excluded expert testimony regarding the effects of a brain injury, which was reversed by the Ninth Circuit:  'The district court concluded that the

proposed medical expert opinion testimony was unreliable because it did not

conclusively prove Sandoval-Mendoza's brain tumor caused susceptibility to

inducement or a lack of predisposition. But medical knowledge is often uncertain.

The human body is complex, etiology is often uncertain, and ethical concerns often

prevent double-blind studies calculated to establish statistical proof. This does not

preclude the introduction of medical expert opinion testimony

when medical knowledge "permits the assertion of a reasonable opinion."' *U.S. v.*

*Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006)

'In cases of specialized, technical, or medical expert testimony, "the relevant

reliability concerns may focus upon personal knowledge or experience." Id. at 150.

"Because medical expert opinion testimony 'is based on specialized

as distinguished from scientific knowledge, the Daubert factors are not intended to

be exhaustive or unduly restrictive.'" United States v. Sandoval-Mendoza, 472 F.3d

645, 655 (9th Cir. 2006)(quoting Sullivan v. United States Dep't of the Navy, 365

F.3d 827, 834 (9th Cir. 2004). Accordingly, the proper test in evaluating medical

expert testimony examines whether "physicians would accept it as useful and

reliable." Id. *Mettias v. United States*, Civ. No. 12-00527 ACK-KSC, at *5-6 (D.

Haw. Jan. 15, 2015)

The Court is critical because Dr. Teophilov himself saw the patient once. But he also reviewed the plaintiff's chart to rule out the need for a wheelchair, as none of the diagnostic studies performed supported the contention by plaintiff that he could not walk. [Doc. 321-13, para. 85].  Treating physicians will and should review the chart which precedes their treatment in order to provide continuity of care.  The one visit does not detract from Dr. Teophilov's ability to review and opine as to the care received by the plaintiff.

The Court is also critical that Dr. Teophilov has not been qualified as an expert:  "However, Defendants have not laid a proper foundation establishing Dr. Teophilov to testify as an expert. See 29 Fed. Prac. & Proc. Evid. § 6264.3 (2d ed.) ("the party proffering a witness as an expert has the burden of laying a foundation that establishes the witness is qualified"); see also Fed. R. Civ. P. 56(c)(4)." [Doc. 339, page 6363].  Yet, based on the legal authority cited herein, Dr. Teophilov has demonstrated his medical licensure, expertise and experience, as well as personal knowledge of the plaintiff's medical course.  He is well equipped to offer a medical opinion on the care provided to the plaintiff, which was comprehensive and within the standard of care.  This opinion is unrefuted.  At the very least, the medical defendants should be dismissed.

**3. PLAINTIFF'S STATEMENTS IN HIS VERIFIED COMPLAINT AND/OR CRIMINAL CASE CANNOT BE USED TO REFUTE DR. TEOPHILOV'S OPINION THAT APPROPRIATE MEDICAL CARE WAS PROVIDED.**

The Report cites to plaintiff's verified Fourth Amended Complaint and filing in his criminal case which pertain to his contention that he has not been receiving medical care or was not provided with the appropriate medical care. Mr. Voskanyan is not permitted to make such assertions. Had defendants been aware that such statements would be used to oppose the motion for summary judgment, defendants could have addressed them in a Reply Brief.

It is well-established that verified pleadings and verified oppositions constitute opposing declarations so long as they are based on personal knowledge and they set forth facts admissible in evidence to which the declarant is competent to testify, Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); Schroeder v. McDonald, 55 F.3d 454, 460 n.11 (9th Cir. 1995); McElyea v.Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam); Lew, 754 F.2d at 1423, with personal knowledge and competence to testify inferable from the declarations themselves, Barthelemy v. Air Line Pilots Ass'n, 897 F.2d 999,

1018 (9th Cir. 1990) (per curiam) (quotation marks omitted); <u>also Sea-Land</u>

<u>Service, Inc. v. Lozen Intern, LLC,</u>285 F.3d 808, 819 (9th Cir. 2002).'

*Brown v. Kyle*, No. 1:04-cv-06539-AWI-SKO PC, at *5-6 (E.D. Cal. Aug. 2, 2011)

    As noted in <u>Brown, supra.,</u> "This is a medical care case and Plaintiff is not

a medical expert. Therefore, Plaintiff may not offer as evidence his own opinion on

matters which require scientific, technical, or other specialized knowledge,

although he may attest to medical matters that do not fall within the scope of Rule

702. <u>Fed. R. Evid. 701</u>, 702." *Brown v. Kyle*, No. 1:04-cv-06539-AWI-SKO PC, at

*6 n.5 (E.D. Cal. Aug. 2, 2011)

    Plaintiff's contentions that he did not receive proper medical care simply

cannot be used to refute Dr. Teophilov's medical opinion.  Plaintiff can state how

he feels or what hurts, but cannot opine that the type of care offered was below the

standard of care.

    The Report's reliance on plaintiff's Fourth Amended Complaint as well as

his criminal case, is something that defendants would have addressed in a Reply

Brief.  Without an opposition by plaintiff and not knowing the Court would take

judicial notice of documents that are not a part of this lawsuit, is something

defendants did not anticipate and should be able to address, at the very least.

**4.      JUDICIAL ECONOMY AND PRACTICALITY URGE THE CONSIDERATION OF THE PLAINTIFF'S JAIL MEDICAL RECORDS AND THE DECLARATION OF DR. TEOPHILOV TO RESOLVE ISSUES ON THE RECORD WHERE POSSIBLE.**

In the Report which recommends a ruling on the defendants' motion for summary judgment, the Court basically rejects all of the evidence submitted. Medical records and declarative testimony by the Chief Physician at the jails.  The legal authority presented herein allows for the Court to accept the medical records as genuine and accept Dr. Teophilov's declaration.

This is a case where plaintiff has filed a rambling and voluminous complaint which often does not make sense and is contradictory to the medical records from the jail.  Plaintiff received an abundance of medical care.  Defendants did not have the opportunity, as they normally would, to address evidentiary objections and other issues that would be raised in an opposition, by way of a Reply Brief. Judicial economy and fairness would allow the defendants to address these issues, and/or that the Court should conduct a further analysis after accepting the jail medical records as genuine and accepting the expert medical opinion of Dr. Teophilov.

Respectfully submitted:


DATED:  March 1, 2021                  MONROY, AVERBUCK & GYSLER


                                       *Jennifer E. Gysler*
                                       _____
                                       JON F. MONROY
                                       JENNIFER E. GYSLER
                                       Attorneys for Defendants

## DECLARATION OF JENNIFER E. GYSLER

I, Jennifer E. Gysler, hereby declare:

I am an attorney at law duly licensed to practice in the Courts of the State of California and the Central District.  If called upon to do so, I could and would competently testify to the following:

1. On March 1, 2021 at 10:00pm, I attempted to log into the Court's filing system to file our Objections to the Report and Recommendation re ruling on motion for summary judgment.  The filing was due on March 1, 2021.  When I did so, the ECF website indicated the website was down for maintenance starting at 7pm. On the Pacer website, it indicated the website was down for maintenance starting at 10pm EST.  The screenshots are attached hereto.

2. This document was filed at the next earliest opportunity, on March 2, 2021 when the maintenance time period had passed.

3. Both myself and Jon F. Monroy spent most of the day reviewing the file materials, filings and legal research on the issues presented in the Court's Report and Recommendation, in order to prepare our Objections.  This was not done any sooner, due to the fact that we

have been in depositions several days for the past two weeks on another matter, also in federal court, which consumed most of our time.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 1st day of March, 2021, at Westlake Village, California.

___Jennifer E. Gysler_____

Jennifer E. Gysler, declarant.

# PROOF OF SERVICE
**STATE OF CALIFORNIA – COUNTY OF LOS ANGELES**
**CCP 1013(A)**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 32123 Lindero Canyon Road, Suite 301, Westlake Village, CA 91361.

      On March 1, 2021, I caused to be served the foregoing document described as  on the interested parties in this action:

      OBJECTIONS TO REPORT AND RECOMMENDATION

[  ] **By telecopier:**  By transmitting an accurate copy via telecopy to the person and telephone number as follows:

        [X] by placing [  ] the original  [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Robert Voskanyan
16057 Sherman Way, Apt. 355
Van Nuys, CA 91406
[] BY EMAIL
[ X ] **BY MAIL:**
[  ]    I deposited such envelope in the mail at Westlake Village, California.  The envelope was mailed with postage thereon fully prepaid.
[X ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
[  ]    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to addressee or offices of addressee.
[]    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[x ]    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      **Executed on March 1, 2021, at Westlake Village, California.**

Jennifer E. Gysler                  ___Jennifer E. Gysler_____.
                                   (signature)