1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| ROBERT VOSKANYAN, | Case No. 2:15-CV-06259 MWF (KES) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| SHERIFF JIM MCDONNELL, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records on file herein, along with the Report and Recommendation of the United States Magistrate Judge (Dkt. 339 ["R&R"]).  The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 340) have been made.  The Court accepts the report, findings, and recommendations of the Magistrate Judge.

In their Objections, Defendants contend that the R&R's evidentiary rulings are unfair because Defendants could have fixed any authentication deficiencies in a reply if Plaintiff had raised them in his objections.  (Dkt. 340 at 2, 11–15.)  As the Magistrate Judge indicated, despite Plaintiff not filing an opposition, the Court cannot grant summary judgment without first *sua sponte* ensuring that Defendants

1   have satisfied their burden of proof.  (R&R at 7–8.) Defendants' motion for
2   summary judgment was filed by counsel who were aware that it was Defendants'
3   burden to support their motion with admissible evidence.  <u>Anderson v. Liberty</u>
4   <u>Lobby, Inc.</u>, 477 U.S. 242, 252, 254 (1986) ("[A] ruling on a motion for summary
5   judgment … necessarily implicates the substantive evidentiary standard of proof
6   that would apply at the trial on the merits. …  [I]n ruling on a motion for summary
7   judgment, the judge must view the evidence presented through the prism of the
8   substantive evidentiary burden."

9        Defendants also argue that the Court, in its discretion, "has the authority to
10  accept the jail records as genuine."  (Dkt. 340 at 9; <u>see id.</u> 3, 8–11.)  However, as
11  the R&R concluded, even if the Court were to find that Defendants' evidence was
12  properly authenticated, the record included "genuine issues of material facts
13  precluding summary judgment."  (R&R at 16, 17, 21–31.)  Further, the Court would
14  not grant summary judgment on the basis of Defendants' medical expert's
15  testimony without allowing Plaintiff an opportunity to examine the expert and
16  submit an opposing opinion.  (R&R at 20 n.11.)  Indeed, if Plaintiff retains his own
17  medical expert, it is unlikely that Defendants' expert's opinion would remain
18  uncontroverted.

19       Defendants assert that Plaintiff's statements in his verified complaint cannot
20  be used to refute their medical expert's opinion.  (Dkt. 340 at 3–4, 16–17.)
21  Defendants argue that Plaintiff is not competent to testify whether he has been
22  receiving care or was provided with appropriate care.  (<u>Id.</u> at 16.)  To the contrary,
23  "lay witnesses are competent to testify to observed pain and suffering caused by
24  injuries."  <u>Moreno v. Los Angeles Cty. Sheriff's Dep't</u>, No. 13CV07570 CAS
25  MANX, 2015 WL 4652637, at *8, 2015 U.S. Dist. LEXIS 102794, at *25 (C.D.
26  Cal. Aug. 3, 2015) (citing <u>Jones v. Warmee</u>, 225 F.2d 258, 260 (9th Cir. 1955)); <u>see</u>
27  Fed. R. Evid. 701.  Here, the statements by Plaintiff that the Court relies on to
28  defeat the summary judgment motion do *not* involve "scientific, technical, or other

1  specialized knowledge." Cf. Brown v. Kyle, No. 04-CV-06539, 2011 WL

2  3358967, at *4 n.5, 2011 U.S. Dist. LEXIS 85343, at *11 n.5 (E.D. Cal. Aug. 3,

3  2011) ("Plaintiff may not offer as evidence his own opinion on matters which

4  require scientific, technical, or other specialized knowledge, although he may attest

5  to medical matters that do not fall within the scope of Rule 702.").  Instead, the

6  R&R focused on Plaintiff's statements regarding delays in treatment, chronic pain

7  and suffering, difficulty ambulating, and ignoring multiple requests for treatment.

8  (R&R at 8–13, 24–28.)

9       Finally, Defendants suggest that the Court should consider all of their

10  propounded evidence in the interests of "judicial economy and practicality."  (Dkt.

11  340 at 18.)  But those are not legitimate reasons for granting the summary judgment

12  motion, especially here where there are genuine issues for trial.  Indeed, Defendants

13  appear to acknowledge that Plaintiff's verified complaint provides material, factual

14  disputes.  (See id.) ("Plaintiff has filed a rambling and voluminous complaint

15  which … is contradictory to the medical records from the jail.").

16       IT IS THEREFORE ORDERED that (1) Plaintiff's request for extension of

17  time (Dkt. 337) is DENIED; (2) Plaintiff's motion to serve subpoenas on LASD

18  (Dkt. 306) is DENIED WITHOUT PREJUDICE; (3) the claims against Defendants

19  Bandino, Salinas, Morales, Sanford, Little, Silvanskaya, and Anderson are

20  DISMISSED WITH PREJUDICE; and (4) in all other respects the Motion for

21  Summary Judgment (Dkt. 321) is DENIED.

22       .

23  DATED:  March 10, 2021

24  _____
    MICHAEL W. FITZGERALD

25  UNITED STATES DISTRICT JUDGE

26

27

28

3